DECISION AND JUDGMENT ENTRY
Jason King appeals the Athens County Municipal Court's denial of his motion to suppress. He assigns the following errors:
 THE TRIAL COURT ERRED IN FINDING THAT THE DEFENDANT WAS NOT "STOPPED" BY THE POLICE.
THE TRIAL COURT ERRED IN FINDING THAT THERE WAS REASONABLE ARTICULABLE SUSPICION FOR THE STOP.
 We agree that the court erred in finding that appellant was not "stopped." However, because there was reasonable articulable suspicion to stop appellant, the court's denial of the motion to suppress was not erroneous. Therefore, we affirm the judgment of the trial court.
Officer Brian Lushbaugh of the Athens City Police Department was on duty on January 16, 2000 at 2:30 a.m. in a marked police car. He testified that he observed a vehicle in an intersection and heard the tires squealing, as though the driver "popped his clutch." Officer Lushbaugh turned and followed the vehicle for approximately a mile. During this time, he observed the driver have trouble getting the vehicle into gear four times.
As Officer Lushbaugh was calling in the vehicle description and license plate number, the vehicle pulled over in front of a house, stopped, and the lights were turned off. Officer Lushbaugh saw four people in the vehicle. The front passenger exited the vehicle and walked up to the porch of the house. Officer Lushbaugh slowly drove by the house and continued watching the car and the passenger in his rearview mirror. The passenger watched Officer Lushbaugh drive away and, as soon as the police car was down the block, the passenger ran back to the vehicle and got in. The passenger never knocked on the door or spoke with anyone at the residence.
Officer Lushbaugh testified that these events made him suspicious so he turned around and drove towards the vehicle. Officer Lushbaugh pulled up next to the car and rolled his window down. The four occupants were still sitting in the car, which was not running. Officer Lushbaugh asked the occupants if they needed any help, if they knew anyone in the area, and their purpose for being in that location. Appellant, the driver, sat with his hands on the steering wheel, looking straight ahead. The passenger stated that the occupants knew someone at that house. However, when Officer Lushbaugh asked his name, he could not provide one. Officer Lushbaugh then asked where the occupants were coming from and the passenger responded "uptown."
Officer Lushbaugh exited his vehicle and approached the car. As he approached, he smelled a very strong odor of alcohol coming from the car. Officer Lushbaugh asked appellant if he'd had anything to drink and appellant nodded his head, indicating that he had. Officer Lushbaugh then asked appellant to step out of the vehicle and he complied. Officer Lushbaugh asked appellant how much he had to drink and appellant replied that he'd had a few drinks, maybe two or three. Officer Lushbaugh then asked appellant to take a field sobriety test and appellant complied. After he performed poorly on the test, Officer Lushbaugh placed him under arrest.
Appellant made an oral motion to suppress, arguing that there was no reasonable articulable suspicion to stop appellant and, therefore, the evidence should be suppressed. The court found that no stop ever occurred as the vehicle was already stopped and appellant never attempted to drive away when Officer Lushbaugh approached his vehicle. The court stated that this encounter was consensual and resulted in Officer Lushbaugh's conclusion that appellant was under the influence of alcohol. The court also noted that if appellant had not agreed to the field sobriety test or if appellant had attempted to drive away and was prevented, the court would have granted the motion to suppress.[2]
After appellant pled "no contest" to operating a motor vehicle while under the influence (OMVI), the court found him guilty and imposed sentence. Appellant filed this appeal.
Both assigned errors concern the denial of appellant's motion to suppress so we consider them together. In his first assignment of error, appellant argues that the court erred in finding that he was never "stopped" by Officer Lushbaugh. In his second assignment of error, appellant contends that the court erred in finding that there was reasonable articulable suspicion for the stop.[3]
In a motion to suppress, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. See, e.g., State v. Mills (1992),62 Ohio St.3d 357, 366, citing State v. Fanning (1982), 1 Ohio St.3d 19,20; see, also, State v. Williams (1993), 86 Ohio App.3d 37, 41. Accordingly, in our review, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence.State v. Guysinger (1993), 86 Ohio App.3d 592, 594. Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard. Ornelas v. United States (1996), 517 U.S. 690,134 L.Ed.2d 911; State v. Klein (1991), 73 Ohio App.3d 486, 488;Williams; Guysinger.
First, we consider whether appellant was "stopped" by Officer Lushbaugh. The Fourth Amendment to the United States Constitution protects against unreasonable government intrusions into areas where legitimate expectations of privacy exist. United States v. Chadwick
(1977), 433 U.S. 1, 53 L.Ed.2d 538, 97 S.Ct. 2476. The text of theFourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" This "right of personal security belongs as much to the citizen on the streets of our cities as to the homeowner closeted in his study to dispose of his secret affairs." Terryv. Ohio (1968), 392 U.S. 1, 9, 20 L.Ed.2d 889, 88 S.Ct. 1868. However, "not all personal intercourse between policemen and citizens involves `seizures' of persons. Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a `seizure' has occurred." Id., 392 U.S. at 19, fn. 16.
We note that something less than physical restraint may constitute a seizure. "[A] person has been `seized' within the meaning of theFourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." United States v. Mendenhall (1980), 446 U.S. 544, 554,64 L.Ed.2d 497, 100 S.Ct. 1870. The Mendenhall court explained as follows at 553-554:
 We adhere to the view that a person is `seized' only when, by means of physical force or a show of authority, his freedom of movement is restrained. Only when such restraint is imposed is there any foundation whatever for invoking constitutional safeguards. The purpose of the Fourth Amendment is not to eliminate all contact between the police and the citizenry, but `to prevent arbitrary and oppressive interference by enforcement officials with the privacy and personal security of individuals.' United States v. Martinez-Fuerte, 428 U.S. 543, 554, 49 L.Ed.2d 1116, 96 S.Ct. 3074. As long as the person to whom questions are put remains free to disregard the questions and walk away, there has been no intrusion upon that person's liberty or privacy as would under the Constitution require some particularized and objective justification.
 Thus, to constitute a seizure for Fourth Amendment purposes, there must be either the application of physical force or submission by the subject to an officer's show of authority. California v. Hodari D.
(1991), 499 U.S. 621, 113 L.Ed.2d 690, 111 S.Ct. 1547. A police officer does not violate the Fourth Amendment by merely approaching an individual and asking him if he is willing to answer some questions or by putting questions to him if the person is willing to listen. Florida v. Royer (1983), 460 U.S. 491, 497, 75 L.Ed.2d 229, 103 S.Ct. 1319. Such approaches do not require that a police officer have a reasonable suspicion of criminal activity before making the approach. State v. Johnston (1993), 85 Ohio App.3d 475. Encounters outside the Fourth Amendment become seizures only when the police demonstrate a sufficient show of authority such that a reasonable person would conclude that he must comply. United States v. Pajari
(C.A. 8, 1983), 715 F.2d 1378, 1381.
Appellant clearly stopped the vehicle of his own volition, without any indication from Officer Lushbaugh that he should do so. It is equally clear that Officer Lushbaugh never used any type of force to restrain appellant. However, appellant may still have been "seized" forFourth Amendment purposes if a reasonable person would have believed he was not free to leave.
Officer Lushbaugh's uncontested testimony established that he pulled up next to the vehicle appellant was driving without activating his lights or sirens. He spoke to the vehicle's occupants through an open window without exiting his vehicle. It was only after he received a suspicious answer that Officer Lushbaugh decided to exit his car and approach the vehicle. A reasonable person would not conclude that he was being detained by an officer when the officer never indicated he should stop, via lights and sirens or verbally, and never exited his own vehicle. Further, even when Officer Lushbaugh approached the vehicle, he never exerted any physical force or indicated in any manner that appellant was not free to leave if he chose to do so. He never informed appellant or the other occupants that a crime had been committed.
We do find, however, that an investigative "seizure" occurred when appellant was asked to step out of the vehicle and to perform the field sobriety tests. While Officer Lushbaugh did not testify that he ordered appellant to comply with these requests, we conclude that this was a show of authority and that a reasonable person would believe he was not free to leave at that point. Officer Lushbaugh had already asked appellant if he'd been drinking and appellant confirmed that he had. A reasonable person would correctly conclude that an officer would not allow a person to leave under these circumstances, but would investigate further. Therefore, we find no basis in the record for the trial court's conclusion that appellant was never "stopped" by Officer Lushbaugh. However, we do not believe the "seizure" commenced until appellant was asked to step out of the vehicle.
The United States Supreme Court articulated the constitutional standard governing warrantless investigative stops in Terry v. Ohio (1968),392 U.S. 1, 20 L.Ed.2d 889, 88 S.Ct. 1868. The Terry court ruled that under appropriate circumstances, an officer may "approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest." Id. at 22. However, the Court held that an officer must rely upon reasonable, articulable facts and inferences indicating that criminal activity is in progress or is about to be committed. Id. Otherwise, a stop or "seizure" constitutes a violation of the suspect's Fourth Amendment rights. Id. The propriety of an investigatory stop must be considered under the totality of the circumstances. State v. Freeman (1980), 64 Ohio St.2d 291.
The trial court found that Officer Lushbaugh did not have reasonable articulable suspicion to order appellant to perform the field sobriety tests. We disagree.
Officer Lushbaugh testified that he observed appellant having trouble shifting the vehicle into gear on four different occasions. Appellant argues that there could be an innocent explanation for this fact, namely that appellant was either unfamiliar with this vehicle or unfamiliar with driving a standard automobile. Appellant also argues that reasonable suspicion does not necessarily result from the observation of a minor deviation from a normal driving pattern, especially when the officer observes no other violations. See State v. Hawes (Mar. 26, 1996), Athens App. No. 95CA1681, unreported. Both appellant's points are correct. However, appellant's difficulty shifting gears could also be explained by the fact that he was intoxicated and having problems properly coordinating his movements. More importantly, however, Officer Lushbaugh did not stop appellant solely for this reason.
Officer Lushbaugh did not "stop" appellant until he observed the following: (1) appellant was having difficulty shifting gears; (2) appellant attempted to "lose" Officer Lushbaugh by feigning arriving at his destination; (3) appellant did not speak or make eye contact with Officer Lushbaugh when he pulled up next to him; (4) the strong odor of alcohol as he approached the vehicle; and (5) appellant's acknowledgment that he'd been drinking. We disagree with the trial court's conclusion that these factors do not equate to reasonable articulable suspicion sufficient to make an investigatory stop. Under the totality of the circumstances, Officer Lushbaugh was justified in further investigation, i.e. detaining or seizing the appellant to determine if he was driving while under the influence of alcohol.
In conclusion, the court erred in finding that appellant was never "stopped" by Officer Lushbaugh. However, we also hold that Officer Lushbaugh had reasonable articulable suspicion for detaining or temporarily seizing the appellant. Therefore, the appeal is meritless. The judgment of the trial court is affirmed.[4]
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 _______________________ William H. Harsha, Judge
Kline, J.: Concurs in Judgment and Opinion.
Evans, J.: Concurs in Judgment Only.
[2] While the trial court did not expressly state so, we construe this statement to mean that the court did not find reasonable articulable suspicion to stop appellant.
[3] In his brief, appellant acknowledges that the court effectively found no reasonable articulable suspicion to stop appellant and then provides support for this position.
[4] We recognize that while we have reached the same result as the trial court, we have done so for different reasons. However, the Supreme Court has consistently held that a reviewing court is not authorized to reverse a correct judgment simply because the trial court has stated an erroneous basis for that judgment. Myers v. Garson (1993),66 Ohio St.3d 610, 614; Joyce v. General Motors Corp. (1990),49 Ohio St.3d 93, 96.